UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

BRUCE SILVA,

                    Defendant.

**ORDER**

23 Cr. 204 (PGG)
22 Cr. 347 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

At an October 29, 2025 conference, the Court told the parties that – in light of two failed Rule 11 factual allocutions – any future application for a Rule 11 proceeding would have to be preceded by "a proffer about what the expected [factual] allocution is," and "legal analysis, meaning case law, indicating that the [proposed factual] allocution is sufficient." (Oct. 29, 2025 Tr. (Dkt. No. 349) at 30:22-24)

In a February 9, 2026 joint letter (22 Cr. 347 (Dkt. No. 72); 23 Cr. 204 (Dkt. No. 348)), the parties tell the Court that Defendant Silva is prepared to plead guilty to (1) Counts One, Five, and Seven in Indictment 23 Cr. 204 – which charge Silva with RICO conspiracy, and with two counts of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence; and to the Section 922(g) charge in Indictment 22 Cr. 347. (Id.) The joint letter does not contain any discussion of case law or legal analysis demonstrating that the proposed factual allocution set forth in the joint letter is adequate to support a guilty plea to Counts Five and Seven, however. A Rule 11 proceeding will not be scheduled until the parties provide the case law and legal analysis the Court directed.

As to the proposed guilty plea to Indictment 22 Cr. 347 – which charges the Defendant with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g) –

the parties propose that the Defendant admit to knowingly possessing shell casings. Acknowledging that 18 U.S.C. § 921(a)(17)(A) defines "ammunition" to mean "ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm," there is some ambiguity in the law as to whether spent shell casings constitute "ammunition" under Federal law.  See United States v. Skyfield, 23-cr-569 (LJL), 2023 WL 8879291, at *6 (S.D.N.Y. Dec. 22, 2023) (finding that "[18 U.S.C. §] 922(g)(1) clearly proscribes possession of an unspent shell," but leaving open the question of whether a spent shell casing constitutes ammunition); United States v. Thomas, 765 F. App'x 553, 558 (2d Cir. 2019) (leaving open the question of "whether a spent shell casing is distinct from a 'cartridge case,' which is expressly included in the statutory definition") (summary order); see also 27 C.F.R. § 478.11 (defining "ammunition" as "[a]mmunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm other than an antique firearm.  The term shall not include (a) any shotgun shot or pellet not designed for use as the single, complete projectile load for one shotgun hull or casing, nor (b) any unloaded, non-metallic shotgun hull or casing not having a primer.").

Accordingly, any application to proceed with a guilty plea concerning the Section 922(g) count – on the facts set forth in the parties' joint letter – must be supported by case law demonstrating that the possession of spent shell casings is sufficient to sustain a conviction under Section 922(g).

Dated: New York, New York
      February 10, 2026

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

2